IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-30046 |
| | ) | |
| HENRY D. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Henry Johnson's: (1) Post-Trial Motions (d/e 118), (2) Addendum to Post-Trial Motions (d/e 122), and (3) Second Addendum to Post-Trial Motions (d/e 133), and the Government's Memorandum of Law Regarding Entry of Judgment on Jury Verdicts (d/e 120). On July 7, 2005, a jury returned verdicts of guilty on each of the ten counts charged in the Second Superseding Indictment in this case (d/e 41), as follows:

Count 1: Continuing Criminal Enterprise, in violation of 21 U.S.C. §§
    841(a)(1), 843(b), and 856(a)(2);

Count 2: Use of Telephone to Facilitate a Drug Offense, in violation of 21

1

U.S.C. § 843(b);

Count 3: Use of Telephone to Facilitate a Drug Offense, in violation of 21 U.S.C. § 843(b);

Count 4: Use of Telephone to Facilitate a Drug Offense, in violation of 21 U.S.C. § 843(b);

Count 5: Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846;

Count 6: Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(2) and 841(b)(1)(A);

Count 7: Conspiracy to Maintain Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(2);

Count 8: Maintaining Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(2);

Count 9: Distribution of Marijuana, in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and

Count 10: Aiding and Abetting the Distribution of "Crack" Cocaine, in violation 21 U.S.C. §§ 841 (a), 841(b)(1)(B), and 18 U.S.C. § 2.

Defendant Johnson raises numerous points in his Motions and Addenda. He asks the Court to reverse all of its rulings denying any and all

of Defendant's Motions and objections, and specifically requests that the Court reverse its decisions on his Pretrial Motions (d/e 63) which document contained the following motions: (1) Motion for Bill of Particulars; (2) Motion to Bar Evidence Under Criminal Rule of Evidence 404(b); (3) Motion to Suppress Evidence; (4) Motion to Reconsider Gang Affiliation; (5) Motion for Reconsideration of Second Superseding Indictment Due to Improperly Impaneled Grand Jury; and (6) Motion to Join Counts 5 and 6 of the Second Superseding Indictment as One Offense; and he also specifically asks the Court to reverse the denial of his Oral Motion to Sever Count 9 of the Second Superseding Indictment, denied on June 2, 2005. The Court remains of the opinion that its ruling on Johnson's Motions and objections were correct at the time they were made, for the reasons stated of record or for the reasons stated in written decisions. The Court therefore denies this request and will not reverse any of its pretrial or trial rulings which denied the Defendant's Motions and objections, including those specifically listed.

 The Defendant next moves the Court to set aside the verdicts arguing that the Government failed to present sufficient evidence to convict the Defendant on any of the charges. The Defendant moved for judgment of

acquittal at the close of the Government's evidence, and at the close of all evidence at trial, for the reason that the evidence was insufficient. The Court denied those motions for the reasons stated of record at that time. The Court continues to believe that those reasons were correct and denies this portion of Johnson's Motions for the same reasons.

Johnson argues additionally that the evidence was insufficient because there was a lack of physical evidence in the Government's case in chief, and a lack of corroboration of the testimony of the Government's witnesses. In this case, the Government relied on testimony of numerous individuals involved in the criminal activity with Johnson. These individuals testified from personal knowledge that Johnson engaged in the illegal activity charged in the Second Superseding Indictment. The Government is not required to corroborate this testimony with physical evidence or testimony of others not involved in the criminal activity. See United States v. Ofcky, 237 F.3d 904, 909 (7th Cir. 2001) ("It is well established that a conviction may be based solely upon the uncorroborated testimony of an accomplice.") This Motion is denied. The Government's evidence was sufficient.

Defendant asserts that the Government presented excessive evidence of other crimes not charged in the Second Superseding Indictment in

violation of Federal Rule of Evidence 404(b). At trial, the Government presented a significant amount of evidence about the Defendant's criminal activities from 1993 through 2002. The Second Superseding Indictment only alleges crimes between 2000 and 2002. Evidence of other illegal conduct is admissible under Rule 404(b) if: (1) the evidence is directed toward a matter other than the defendant's propensity to commit the crime charged, such as motive, intent, plan, knowledge or identity; (2) the evidence is similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar acts; and (4) the probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Hughes, 310 F.3d 557, 565 n. 11 (7th Cir. 2002).

The evidence of Johnson's prior conduct was admitted for the limited purpose of giving the background of the relationship between the parties. The evidence was admissible for this purpose. See Hughes, 310 F.3d at 565; United States v. Macias, 930 F.2d 567, 572 (7th Cir. 1991). The Court gave a limiting instruction informing the jury that this evidence was admitted only for this limited purpose. The limiting instruction provided sufficient protection against potential for prejudice against the Defendant.

5

See Macias, 930 F.2d at 572. The Court therefore finds that the use of this evidence was not excessive and was admissible under Federal Rule of Evidence 404(b).

Johnson asserts that the Government improperly stated to the jury at closing that Johnson's gang affiliation was sufficient grounds to find him guilty by association. The Court has reviewed the transcript of the closing argument and finds no statement that the jury could or should find Johnson guilty by the fact that he was associated with a gang. The prosecutor argued that the Defendant used his gang affiliation to develop his drug business. Excerpts of Proceedings on July 7, 2005 (Transcript filed September 26, 2005) (July 7, 2005 Excerpts) at 5-6, 12, 20. The prosecutor further argued that the charges of conspiracy and continuing criminal enterprise required proof that Johnson associated himself with his co-conspirators, and his subordinates in the criminal enterprise, for the purpose of engaging in the conspiracy and the criminal enterprise. Id. at 41-43. Those statements do not assert that Johnson should be found guilty because he was associated with a gang.

The case relied on by Johnson, United States v. Roark, is significantly different. Roark, 924 F.2d 1426 (8th Cir. 1991). In that case, law

enforcement officers testified extensively about the general criminal activity of the gang to which the defendant belonged.  Id. at 1430-31.  The prosecutor also, "continued to harangue the jury about the alleged institutional criminality" of the gang.  Id. at 1434.  Nothing like that occurred here.  The prosecutor's statements in his closing argument were proper.  The Court finds no error.

The Defendant also complains that the Government presented excessive amounts of evidence of the Defendant's gang involvement.  Gang involvement is admissible in cases in which it is relevant to demonstrate the existence of a joint venture or conspiracy and the relationship among its members.  United States v. Suggs, 374 F.3d 508, 516 (7th Cir. 2004); United States v. Thomas, 86 F.3d 647, 652 (7th Cir. 1996).  The evidence of Johnson's gang affiliation was admitted for just that purpose.  Johnson used his gang connections to acquire cocaine and to form a distribution network.  The evidence of gang affiliation was relevant and admissible and intricately tied to the Defendant's criminal activity.

Johnson claims that the Government misstated the burden of proof in closing argument.  Johnson claims that the prosecutor told the jury that in order to acquit him, a jury must believe that all of the Government's

7

witnesses lied and were part of the vast conspiracy to convict him. The Court again has reviewed the transcript of the closing argument and finds no such statement. The Defendant, in his closing argument, argued that the Government's witnesses were lying and that they were induced to lie to receive benefits from the Government. In rebuttal, the Government stated that the argument asks the jury to believe that a vast conspiracy existed between the Government, law enforcement agents, and the witnesses. The prosecutor argued that the existence of such a conspiracy was not credible. July 7, 2005 Excerpts at 44-47. The prosecutor was not arguing that the burden of proof either shifted to Johnson or that the jury must find such a conspiracy to acquit. There was no error.

Defendant states that the Government's witnesses improperly testified that the Defendant possessed a weapon when he was not charged with any weapons' violations. Defense counsel, on cross-examination, repeatedly raised the issue of whether witnesses carried weapons as part of their involvement in drug trafficking. See e.g., Excerpts of Proceedings on June 29, 2005 (d/e 129) (June 29 Excerpts) at 65, 68, 97. Defense counsel specifically asked Nolan Nelson on cross-examination whether he carried weapons. Nelson said yes. On redirect, the prosecutor asked Nelson

8

whether Johnson knew that he carried weapons. Nelson testified that Johnson knew. The prosecutor then asked whether Johnson carried a weapon, and Nelson stated that Johnson personally carried a weapon on occasion. Later witnesses corroborated Nelson's testimony.

Johnson raised the issue about the use of guns in the drug business, not the prosecution. He has no real basis to complain that the prosecutor also explored this issue once he raised it. Furthermore, evidence that Johnson carried a weapon is relevant and admissible to prove that Johnson engaged in the alleged drug conspiracies and continuing criminal enterprise because weapons are considered tools of the trade in drug trafficking. United States v. Rhodes, 229 F.3d 659, 660 (7th Cir. 2000). The Court sees no error in admitting this relevant evidence.

Johnson argues that the Government improperly introduced evidence of an uncharged drug transaction that occurred on June 27, 2001. The Government introduced evidence that the Government's confidential informant, Carl Douglas, had purchased marijuana on June 25, 2001, and again on June 27, 2001, at the residence located at 908 Chestnut, Quincy, Illinois. Count 9 of the Second Superseding Indictment charged Johnson with distributing marijuana on June 25, 2001, but not on June 27, 2001. He

9

argues that introducing the evidence about the June 27, 2001, transaction was improper and prejudicial.

The evidence of the June 27, 2001, transaction was relevant to prove the charge in Count 7 of the Second Superseding Indictment. Count 7 charged Johnson with conspiracy to maintain a drug-involved premises at 908 Chestnut, Quincy, Illinois, from mid-2000 to September 2001. The June 27, 2001, transaction occurred at 908 Chestnut, and, thus, was relevant to prove this charge. There was no error.

The Defendant asserts that the Government, in its closing argument, improperly stated the elements of the continuing criminal enterprise charge. The Court reviewed the transcript of the closing argument, and finds that the prosecutor stated the elements properly. July 7, 2001, Excerpts at 20-22.

The Defendant complains that the Government used statements of co-conspirators that exceeded the scope of the Santiago proffer. Statements of co-conspirators made during the course of the conspiracy and in furtherance of the conspiracy are admissible. Fed. R. Evid. 801(d)(2)(E). The Government must prove to the Court by a preponderance of the evidence that the conspiracy existed in order to have hearsay statements by co-

conspirators admitted. The Government may do so with a proffer, followed by evidence introduced at trial. United States v. McClellan, 165 F.3d 535, 553-54 (7th Cir. 1999). The purpose of the proffer is to show the existence of the conspiracy, not to define the scope of the out-of-court statements.

In this case, the Government submitted a proffer to show the existence of a conspiracy. Santiago Proffer (d/e 62). The Court reviewed the proffer and found that the Government's proffered evidence was sufficient to establish the existence of the conspiracy by a preponderance of the evidence. The Court therefore conditionally admitted the out-of-court statements of the Defendant's alleged co-conspirators made in furtherance of one of the conspiracies alleged in the Second Superceding Indictment. Order entered June 1, 2005 (d/e 87) at 9-11. The Court determined, at the end of all the evidence, that the Government established the existence of the conspiracy by a preponderance at trial and admitted the out-of-court statements of Johnson's co-conspirators. The procedure used by the Court was proper and in accord with precedent. There was no error.

Johnson next asserts that the Government altered, tampered with, or otherwise erred in transcribing the tapes from the consensual overhear on June 25, 2001. Johnson gives no further explanation of this assertion or any

11

support for it. At trial, the Government's confidential informant, Carl Douglas, testified that the tapes and transcripts were accurate. He participated in the taped conversation and so had firsthand knowledge of the conversation. His testimony established that the tapes and transcripts were accurate. In addition, the Court instructed the jury in accordance with Seventh Circuit Criminal Jury Instruction No. 3.17.

Last, Johnson asserts that the Government failed to lay a proper foundation for the introduction of the cannabis, cocaine, and consensual overhear from the controlled buy which occurred on June 25, 2001. Johnson states that the Government did not establish a chain of custody. The Court disagrees. As set forth in detail in the Government's response, the Government established a proper foundation for the admission of this evidence through the testimony of Carl Douglas, Illinois State Police Special Agent Patrick Frazier, and Illinois State Police Forensic Scientist Michael Cravens. <u>Government's Response to Defendant's Second Addendum to Post-Trial Motions (d/e 135)</u> at 3-7. There was no error in the foundation provided for any of this evidence.

Johnson's Post-Trial Motions and Addenda are therefore denied.

The Government asks the Court to enter judgment on the verdicts in

Counts 1, 2, 3, 4, 8, 9, and 10, and to find that Counts 5, 6 and 7 merged into the guilty verdict in Count 1. This is the correct interpretation of the Supreme Court's ruling on the merger of Counts into a continuing criminal enterprise conviction. <u>Garrett v. United States</u>, 471 U.S. 773, 779 (1985). Therefore, the Court enters judgment on the jury's verdicts of guilty in Counts 1, 2, 3, 4, 8, 9, and 10 of the Second Superseding Indictment. Counts 5, 6, and 7 are merged into the judgment of conviction in Count 1.

THEREFORE, Defendant Henry Johnson's: (1) Post-Trial Motions (d/e 118); (2) Addendum to Post-Trial Motions (d/e 122); and (3) Second Addendum to Post-Trial Motions (d/e 133) are DENIED. The Court enters judgment on the verdicts of guilty in Counts 1, 2, 3,4, 8, 9 and 10 of the Second Superseding Indictment. Counts 5, 6, and 7 are merged into the judgment of conviction in Count 1. This matter will proceed to sentencing, scheduled for May 5, 2006, at 1:30 p.m.

IT IS THEREFORE SO ORDERED.

ENTER: February 27, 2006.

        FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE