IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 04-30046 |
| HENRY D. JOHNSON, | ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on July 24, 2006, for sentencing. The Defendant Henry Johnson appeared in person and by his attorney Jon Noll. The Government appeared by Assistant United States Attorney Patricia McInerney. On July 7, 2005, a jury found the Defendant guilty on all counts of the Second Superceding Indictment (d/e 41). On February 27, 2006, the Court denied the Defendant's post-trial motions and entered judgment on the verdicts of guilty in the following counts: Count 1, Continuing Criminal Enterprise, in violation of 21 U.S.C.§ 848; Count 2, Use of a Telephone to Facilitate a Drug Offense, in violation of 21 U.S.C. § 843(b); Count 3, Use of a Telephone to Facilitate a Drug Offense, in

1

violation of 21 U.S.C. § 843(b); Count 4, Use of a Telephone to Facilitate a Drug Offense, in violation of 21 U.S.C. § 843(b); Count 8, Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. § 856(a)(2); Count 9, Distribution of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and Count 10, Aiding and Abetting the Distribution of "Crack" Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. Opinion entered February 27, 2006 (d/e 137) at 12-13. Counts 5, 6 and 7 were merged into the judgment in Count 1. The United States Probation Office prepared a Revised Presentence Investigation Report dated July 10, 2006 (PSR). The Government had no objection to the PSR.

Johnson presented numerous objections to the PSR. The Court did not rule on several of these objections because they did not affect the calculation of the sentencing range under the Sentencing Guidelines. Specifically, Johnson's objections to paragraphs 15-22, 32, 33, 41, 48, 50, and 82-91, did not require any ruling because the matters raised did not affect sentencing. Fed. R. Crim. P. 32(i)(3)(B).

Johnson also presented numerous objections to the paragraphs in the PSR that addressed Johnson's participation in the offenses of conviction and other relevant conduct, and the quantity of drugs for which he was held

2

accountable. Johnson presented no evidence to support any of these objections. Furthermore, the Court reviewed its notes taken at trial, the available transcript of the trial testimony of witness Kevin Turner (d/e 129), and additional exhibits submitted by the Government at the sentencing hearing, and determined, for the reasons stated of record, that the evidence supported the findings in each of the relevant paragraphs. The Court, therefore, overruled Johnson's objections to paragraphs 23-31, 34-40, 42-46, 53, 61, 62, 64, 69, and 73.

Johnson also objected to the finding in the PSR that he should receive a two-point enhancement in the offense level for carrying a firearm during the commission of the offenses of conviction, as set forth in paragraphs 52, and 63. The Defendant testified that he owned a weapon legally and kept it in his residence to protect his family. The Defendant further stated in his commentary that he could not remember any testimony at trial that he had carried a weapon. For the reasons stated of record, the Court overruled the objection. The Court stated numerous witnesses testified that Johnson carried a weapon while committing the offenses of conviction. The Court also noted that the Defendant at some point remembered that witnesses had testified that he carried a firearm because he asked for a new trial based, in

part, on the fact that the Court allowed such testimony.  See <u>Addendum to Post-Trial Motions (d/e 122)</u>, ¶ 10.  The objections to paragraphs 52 and 63 were overruled.

The Defendant also objected to paragraphs 55 and 68.  These paragraphs called for a two-point enhancement for obstruction of justice.  The PSR stated that Johnson offered $5,000 to each of several inmates at the Sangamon County, Illinois, jail to beat up a Government witness, Prince Turner, Jr., who was also housed briefly in the jail.  Johnson testified that he never made any such offer.  The informant who allegedly heard Johnson make the offer did not testify, and the Government did not submit any affidavit or other written statement by the informant.  The Government, further, did not identify the informant.  Hence, the Court could not evaluate the relative credibility of the two stories, and so sustained the objection because the Government failed to meet its burden of proof.

The Defendant objected to the criminal history points he received in paragraphs 79 and 80 for two convictions for driving on a suspended license. Johnson claimed that he was not represented by counsel in the case identified in paragraph 79.  He also argued that a first conviction for driving while on a suspended license was only a misdemeanor and so he could only

4

receive a jail sentence of less than one year, and accordingly, the first conviction should not be counted. Johnson presented no evidence to support his claim that he was not represented by counsel.

The Court overruled the objection. The Court stated that a misdemeanor in Illinois carries a possible sentence of probation or supervision for up to two years, and Johnson received a one-year sentence of court supervision. 730 ILCS 5/5-6-3.1; 730 ILCS 5/5-6-2. The Seventh Circuit treats supervision sentences from state court as tantamount to probation. Thus, these convictions should each receive one criminal history point under the Guidelines. U.S.S.G. § 4A1.2(c)(1). Further, the state court records reviewed by the Probation Office showed that Johnson was represented by counsel. Also, since Johnson did not receive a jail sentence, he should have received a criminal history point for the misdemeanor offense referenced in paragraph 79 even if he had not been represented by counsel. U.S.S.G. § 4A1.2, <u>Comment, Background</u>. The Probation Office properly awarded one criminal history point for each of these two convictions.

Johnson had no other objections to the PSR. Therefore, the Court adopted the finding of the PSR as its own, with the exception of the

enhancement for obstruction of justice set forth in paragraphs 55 and 68. The Court determined that Johnson had a final offense level under the Guidelines of 44 and a criminal history category of II, setting his Guideline sentencing range at life for Count 1, 48 months for Counts 2-4, 240 months for Count 8, 60 months for Count 9, and 480 months for Count 10. The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Johnson's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Johnson, the Court sentenced Defendant Johnson to a term of life for Count 1, 48 months for each of Counts 2-4, 240 months for Count 8, 60 months for Count 9, and 480 months for Count 10, all to run concurrently; to be followed, should Johnson be released from prison, by terms of supervised release of 5 years on each of Counts 1 and 10, 1 year on each of Counts 2-4, and 3 years on each of Counts 8 and 9, all to run concurrently. The Court did not impose

a fine, but ordered Johnson to pay a special assessment of $700.00. The Court ordered Johnson to participate in the Inmate Financial Responsibility Program while in custody and to pay $25 per quarter on the unpaid balance of the special assessment if he is working in a non-Unicor position, and $50 per month on the unpaid balance of the special assessment if he is working in a Unicor position. At Johnson's request, the Court recommended to the Bureau of Prison that Johnson be placed in a facility as close to Joliet, Illinois, as possible. The Court also informed Johnson of his appeal rights, and Johnson requested that the Court direct the Clerk to file a notice of appeal for him. The Court directed the Clerk to do so.

IT IS THEREFORE SO ORDERED.

ENTER: July 27, 2006.

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE